1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   JACOB MCGREEVEY,                          CASE NO. 3:16-cv-05339-RJB

11                              Plaintiff,      ORDER ON DEFENDANT'S FRCP
                                                12(B)(1) MOTION TO DISMISS FOR
12              v.                              LACK OF SUBJECT MATTER
                                                JURISDICTION
13   PHH MORTGAGE CORPORATION,

14                              Defendant.

15          THIS MATTER comes before the Court on Defendant PHH Mortgage Corporation's

16   FRCP 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 7. The Court has

17   considered the pleadings filed in support of and in opposition to the motion and the remainder of

18   the file herein. Dkts. 1, 9, 11.

19                                    THE COMPLAINT

20          The alleged facts relevant to Defendant's motion are straightforward. The Complaint

21   alleges that Plaintiff refinanced a mortgage loan with Defendant, through its trustee, on

22   December 6, 2006, when Plaintiff agreed to pay the debt, plus interest, not later than January 1,

23   2037. Dkt. 1 at ¶¶7-9. Plaintiff was called to active military service in Iraq on May 18, 2009, and

24   released from duty on July 21, 2010. *Id. at ¶*10. Before leaving, Plaintiff requested that

Defendant adjust his mortgage interest rate "pursuant to the Service Members [*sic*] Civil Relief Act ("SCRA")." *Id*. at ¶11. Defendant began foreclosure proceedings on Plaintiff's home on January 16, 2009, and again while Plaintiff was actively deployed, on May 18, 2010. *Id*. at ¶12, 13. After Plaintiff returned home, he informed Defendant of his active service and requested an opportunity to refinance, which Defendant ignored. *Id*. at ¶14. Defendant's trustee foreclosed on the mortgage loan on September 1, 2010, and sold the home on April 21, 2011.

Plaintiff alleges two claims under the SCRA. Plaintiff's First Claim for Relief, Dkt. 1 at ¶¶16-19, alleges a violation of "50 U.S.C. App. § 533(b)(2)—Failure to properly implement the protection of the SCRA)[*sic*]," on the basis that "despite receiving prompt notification of Plaintiff's recall to active military duty and  deployment to Iraq," Defendant did not apply a 6% interest rate adjustment that was "effective as of the date the service member is called to military service." *Id*. at ¶¶17, 18. For the violation of 50 U.S.C. App. § 533(b)(2), Plaintiff seeks actual, punitive, and consequential damages, as well as interest, costs, and attorney fees. *Id*. at ¶19 and p. 6 at ¶1.

The Second Claim for Relief, Dkt. 1 at ¶¶20-24, alleges that Defendant violated 50 U.S.C. § 533(c), by foreclosing on Plaintiff's home during or within nine months of Plaintiff's military service, without Plaintiff's written agreement or a court order authorizing the action. *Id*. at ¶¶21, 22. *See id*. at ¶14.

<u>STANDARD FOR MOTION TO DISMISS</u>

The parties agree that Defendant's motion to dismiss for lack of subject jurisdiction, brought under Fed. R. Civ. P. 12(b)(1), is a facial challenge to the Complaint. Dkts. 7 at 3; 9 at 2. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

1 <u>DISCUSSION</u>

2   Originally codified in 1940 as the Soldiers' and Sailors' Civil Relief Act, the

3 Servicemembers Civil Relief Act ("SCRA") is purposed with extending protections to

4 servicemembers by "provid[ing] for the temporary suspension of judicial and administrative

5 proceedings that may adversely affect . . . servicemembers during their military service." 50

6 U.S.C. § 3902[1]. Among the enumerated protections, where a servicemember incurs mortgage

7 loan debt prior to military service, the SCRA prohibits interest rates of mortgage loans to exceed

8 six percent during or within one year of military service. § 3937, *formerly codified as* 50 U.S.C.

9 App. § 527. The SCRA also provides that when a servicemember owns property secured by a

10 mortgage originated prior to military service, except with a court order or the servicemember's

11 written permission, foreclosure is not permitted within one year of military service. § 3953(c),

12 *formerly codified as* 50 U.S.C. App. § 533(c).

13   Effective as of September 2010, when Defendant allegedly foreclosed on Plaintiff's

14 mortgage loan, subsection (d) of § 3953 is recited as follows:

15   **(d) Penalties**

16      (1) Misdemeanor.—A person who knowingly makes or causes to made a sale,
      foreclosure, or seizure of property that is prohibited by subsection (c), or who

17      knowingly attempts to do so, shall be fined . . . or imprisoned for not more than
      one year, or both.

18      (2) Preservation of other remedies.—The remedies and rights provided under this
      section are in addition to and do not preclude any remedy for wrongful conversion

19      otherwise applicable under law to the person claiming relief under this section,
      including consequential and punitive damages.

20

21

22

---

23   [1] Formerly known as 50 U.S.C. App. § 502. Perhaps leading to Plaintiff's confusion as to
    the First Claim for Relief, *see below*, is the recent editorial reclassification and renumbering of

24    the SCRA.

ORDER ON DEFENDANT'S FRCP 12(B)(1)
MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION- 3

1   Oct. 17, 1940, ch. 888, title III, §303, as added <u>Pub. L. 108–189, §1, Dec. 19, 2003</u>, 117 Stat.

2   2847; amended <u>Pub. L. 110–289, div. B, title II, §2203(a), July 30, 2008, 122 Stat. 2849</u>.

3          Effective October 13, 2010, Congress modified the title of subsection "(d) Penalties" to

4   "Misdemeanor," with subsection (d)(1) remaining intact. *Id*. as amended, Pub. L. 111–275, title

5   III, §303(b)(4), Oct. 13, 2010, 124 Stat. 2878. Subsection (d)(2) was stricken from § 3953, but

6   identical language was added as § 4043 of a new title, "Title VIII—Civil Remedies." *Id*. Title

7   VIII also includes two other sections: § 4041, which authorizes the Attorney General to enforce

8   the SCRA, and § 4042, the provision at issue, which allows "any person aggrieved by a violation

9   of this chapter . . . in a civil action" to seek equitable, declaratory, and monetary relief, as well as

10  costs and attorney fees.  §§ 4041, 4043, *formerly codified as* 50 U.S.C. App. §§ 597 and 597b.

11         Defendant argues that the Court lacks subject matter because § 4042, which creates a

12  private right of action, was not in effect in September 2010, when Defendant allegedly

13  foreclosed on Plaintiff's mortgage loan. Dkt. 7 at 4. Defendant argues that § 4042 should not be

14  retroactive, based on the three-part test found in *Landgraf v. USI Film Products*, 511 U.S. 244

15  (1944). As applied here, Defendant contends that (1) Congress did not expressly state the reach

16  of § 4042, (2) applying § 4042 retroactively would have an "impermissible retroactive effect" on

17  Defendant, by broadening Defendant's civil liabilities, and (3) the presumption against

18  retroactivity applies, because of the absence of any Congressional intent that § 4042 should be

19  retroactive. Dkts. 7 at 6-10, 11 at 3-6.

20         Plaintiff apparently concedes that the private right of action created by § 4042 was not in

21  effect at the relevant time, but Plaintiff argues that, for both claims, there existed an implied

22  private right of action. Dkt. 9 at 4-7. Plaintiff also opines that Defendant's motion refers to facts

23  beyond the Complaint, and to the extent Plaintiff is correct, the Court has ignored Defendant's

24

1    "statements of fact," for example, where Defendant makes the naked assertion that Plaintiff did

2    not inform Defendant of his military deployment. *Id*. at 2, 3; Dkt. 7 at 4. *See* Dkt. 1 at ¶¶11, 18.

3        (1) <u>First Claim for Relief, 50 U.S.C. § 3953(b)(2) (f/k/a 50 U.S.C. App. § 533(b)(2))</u>

4            The Complaint alleges a violation of 50 U.S.C. App. § 533(b)(2) of the SCRA. The

5    SCRA is now codified at 50 U.S.C. § 3901 *et seq.*, following its editorial reclassification and

6    renumbering from 50 U.S.C. App. § 501 *et seq*. The Court assumes that Plaintiff intended to use

7    the updated enumeration for 50 U.S.C. App. § 533(b)(2), which is 50 U.S.C. § 3953(b)(2).

8    However, even by making that assumption, the Complaint does not allege a possible basis for the

9    relief requested, "a finding that Defendant PHH violated the [SCRA], 50 U.S.C. App. §

10   533(b)(2)." Dkt. 1 at p. 6, § 1. Section § 3953(b)(2) makes no mention of limits on interest rates,

11   which is the gravamen of the claim. *Id*. at ¶¶16-19. It may be that Plaintiff intended to allege a

12   violation of 50 U.S.C. § 3937, but the Court should not engage in legal gymnastics to decipher

13   Plaintiff's claim, which must be a short and plain statement stating a *plausible basis for relief*.

14   Fed. R. Civ. P. 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal

15   citations omitted).

16           The First Claim for Relief should be dismissed without prejudice for failure to state a

17   claim, but Plaintiff should be given leave to amend the claim on or before **Monday, September**

18   **26, 2016**.  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Because the claim

19   should be dismissed, the Court does not reach the issue of whether the private right of action

20   created by § 4042 should apply retroactively to this claim, so Defendant's motion is denied

21   without prejudice as to this claim.

22       (2) <u>Second Claim for Relief, 50 U.S.C. § 3953(c) (f/k/a 50 U.S.C. App. § 533(c))</u>

23           The only Court within this circuit to address whether the private right of action created by

24   § 4042 should apply retroactively to § 3953(c) is *Giri v. HSBC Bank USA*, 98 F. Supp. 3d 1147,

ORDER ON DEFENDANT'S FRCP 12(B)(1)
MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION- 5

1151–52 (D. Nev. 2015). In *Giri*, which held that § 4042 should not apply retroactively to § 3953(c), the Court applied the *Landgraf* case and distinguished a Fourth Circuit case that applied § 4042 retroactively to a different SCRA provision that similarly prohibits foreclosure on liens during or soon after military service. *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 458 (4th Cir. 2011). *See* § 3958, *formerly codified as* 50 U.S.C. App. § 537.

The *Landgraf* test has been relied upon for decades, but more recently the Supreme Court has concisely summarized it:

> We first look to "whether Congress has expressly prescribed the statute's proper reach," *Landgraf, supra,* at 280, 114 S.Ct. 1483, and in the absence of language as helpful as that we try to draw a comparably firm conclusion about the temporal reach specifically intended by applying "our normal rules of construction," *Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). If that effort fails, we ask whether applying the statute to the person objecting would have a retroactive consequence in the disfavored sense of "affecting substantive rights, liabilities, or duties [on the basis of] conduct arising before [its] enactment," *Landgraf, supra,* at 278, 114 S.Ct. 1483.

*Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37–38 (2006). If applying the statute would have a retroactive effect, "we then apply the presumption against retroactivity by construing the statute as inapplicable," in the absence of a clear intent by Congress to the contrary. *Id.* If not, "the court must "'give effect to Congress's latest enactment,'" *Gordon*, 637 F.3d at 458, quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 227 (1995).

Applied here, Plaintiff appears to concede the first step, because Plaintiff does not argue that Congress prescribed that § 4042 be applied retroactively to the SCRA generally or to § 3953 specifically. This conclusion is supported by *Giri* and *Gordon*. However, this Court respectfully differs with the *Giri* court about the next step, and concludes that as to § 3953, § 4042 does not have a "genuinely retroactive effect," because it does not attach new legal consequences to events preceding its enactment. Thus, § 4042 applies retroactively to § 3953.

1    The legislative history of the SCRA does not show a substantive expansion of the legal

2    consequences against Defendant for violating § 3953. Since its enactment, the SCRA has

3    shielded servicemembers from the enforcement of liens against them during and immediately

4    after military service. Oct. 17, 1940, ch. 888, title III, §§301-303, 54 Stat 1148.  After major

5    revisions in 2003, and prior to the enactment of § 4042 on October 13, 2010, § 3953 then

6    included subsection (d)(2), which provides that the statute shall not "be construed to preclude or

7    limit any remedy otherwise available under other law, including consequential and punitive

8    damages," a provision that was preserved after the October 13, 2010 changes. *See* § 4043. By the

9    plain terms of then-effective subsection (d)(2), Defendant was on notice *at least* of the

10   *possibility*, if not the likelihood, of a private cause of action for violations of § 3953. As

11   Defendant acknowledges, some courts implied a right of action for violations of § 3953 prior to

12   the addition of § 4042, so § 4042 only made explicit what was previously implicit. *Moll*, et al.

13   Therefore, § 4042 neither creates new legal consequences nor broadens Defendant's civil

14   liabilities.

15        Underlying courts' analysis of whether a new statute creates new legal consequences is

16   the consideration of whether applying the statute retroactively offends basic notions of fairness

17   to the opposing party. In this case, it does not. Defendant does not argue that it had no awareness

18   of the possibility of civil liability for violating § 3953 at the time that Defendant foreclosed on

19   Plaintiff's mortgage loan. Even if the SCRA did not explicitly provide a private right of action,

20   the SCRA explicitly prohibited foreclosure of an absent servicemember's mortgage loan, and

21   other statutes effective at the time—both state and federal—imposed civil liability for wrongful

22   foreclosure. *See, e.g.,* Deed of Trust Act, RCW 61.24 *et seq.*, RCW Washington Consumer

23   Protection Act, RCW 19.86.020, Fair Debt Collection Practices Act, 18 U.S.C. § 1692f. The

24

1  possibility of defending against wrongful foreclosure in violation of § 3953 should not surprise

2  Defendant, nor does it appear unfair.

3        Given the structure of § 3953 at the time of the foreclosure, other case law that implied a

4  cause of action under that section, and other existing state and federal laws effective at the time,

5  there at least existed the possibility, if not the likelihood, that violating the § 3953 could result in

6  civil liability. Therefore, § 4042 does not attach new legal consequences to events preceding its

7  enactment and does not have a genuinely retroactive effect as to § 3953. Section 4042 should be

8  applied retroactively to give Plaintiff a private cause of action for Defendant's alleged violations

9  of § 3953. Defendant's motion should be denied as to the Second Claim for Relief.

10                           * * *

11       Therefore, it is hereby **ORDERED** that Defendant's FRCP 12(b)(1) Motion to Dismiss

12 for Lack of Subject Matter Jurisdiction (Dkt. 7) is:

13       DENIED WITHOUT PREJUDICE as to Plaintiff's First Claim for Relief. However, the

14 Court *sua sponte* HEREBY DISMISSES the claim for failure to state a claim. Plaintiff may file

15 an amended complaint, if any, on or before **September 26, 2016.**

16       DENIED as to Plaintiff's Second Claim for Relief.

17       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18 to any party appearing *pro se* at said party's last known address.

19       Dated this 16th day of September, 2016.

20

21

22                         ROBERT J. BRYAN
                        United States District Judge

23

24