UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB MCGREEVEY,<br><br>    Plaintiff,<br><br> v.<br><br>PHH MORTGAGE CORPORATION, and NORTHWEST TRUSTEE SERVICES, INC.,<br><br>    Defendants. | CASE NO. 3:16-cv-05339-RJB<br><br>ORDER ON DEFENDANT NORTHWEST TRUSTEE SERVICES, INC'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS |

This matter comes before the Court on Defendant Northwest Trustee Services, Inc.'s Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Dkt. 16. Defendant PHH Mortgage Corporation has joined Defendant Northwest Trustee. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. Dkts. 17, 18, 21, 23.

BACKGROUND

The First Amended Complaint alleges that Plaintiff refinanced a home mortgage loan with Defendant PHH Mortgage on December 6, 2006, with Plaintiff agreeing to pay the debt and loan interest not later than January 1, 2037. Dkt. 13 at ¶11. Plaintiff was allegedly recalled to

active military service in the United States Marine Corps on May 18, 2009. *Id. at ¶*10. Plaintiff allegedly notified Defendant PHH Mortgage of his active duty prior to his departure. *Id*. at ¶¶12, 13. Defendant Northwest Trustee, as trustee for Defendant PHH Mortgage, allegedly began foreclosure proceedings on the Subject Property prior to Plaintiff's active service, on January 16, 2009, and again during Plaintiff's active service, on May 18, 2010. *Id*. at ¶¶ 14, 15.

On July 21, 2010, the First Amended Complaint alleges, Plaintiff was released from active service, after which Plaintiff informed one or both of the defendants of his service and requested an opportunity to refinance his home mortgage loan, a request that was ignored. Dkt. 13 at ¶16. It is alleged that Defendant Northwest Trustee foreclosed on the mortgage on August 20, 2010 and sold the Subject Property on April 21, 2011. *Id*. ¶18. *See* Dkt. 1 at ¶15.

According to Plaintiff's Response, Plaintiff was on active duty from March 12, 2011 to April 17, 2012. Dkt. 17 at 9. It is unclear why Plaintiff raises this factual allegation for the first time in Plaintiff's Response, not in the First Amended Complaint. Defendant Northwest Trustee acknowledges the addition of the new fact, Dkt. 18 at FN 4, and because, as Defendant Northwest Trustee correctly points out, "military records are . . . matters of public record, *id* at 2 (internal quotations omitted), the Court will consider this new fact along with the First Amended Complaint.

Plaintiff filed a complaint against Defendant PHH Mortgage on May 6, 2016. Dkt. 1. Ruling on a Defendant PHH Mortgage's FRCP 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, the Court dismissed Count One of the original complaint. Dkt. 12. Count Two, which was not dismissed, is now alleged as the sole cause of action in the First Amended Complaint, which also names Northwest Trustee as a defendant. Dkt. 13 at ¶¶4, 8. The First Amended Complaint alleges that both defendants violated the Servicemembers Civil Relief Act

1  (SCRA) for the sale, foreclosure, or seizure of the Subject Property executed during or within
2  nine months of Plaintiff's active service. *Id*. at ¶¶21-23, 22. *See* 50 U.S.C.§ 3953(c).

## STANDARD FOR MOTION TO DISMISS AND THE SCRA

**A.  Standard for a Fed. R. Civ. P. 12(b)(6) motion to dismiss.**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**B.  The SCRA.**

The stated purpose of the SCRA is twofold: (1) to "enable [servicemembers] to devote their entire energy to the defense needs of the Nation," and (2) to "provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902. "Military service" for a member of the Marine Corps "means . . . active duty[.]" § 3911(2). Among other protections of the SCRA, the SCRA invalidates the "sale, foreclosure, or seizure of property . . . if

1   made during, or within one year[1] after the period of the sevicemember's military service[,]' except
2   with a court order or with the servicemember's written permission. § 3953(c). Parties aggrieved
3   by violations of § 3953 or other portions of the SCRA may bring a private right of action to
4   recover equitable or declaratory relief, monetary damages, and costs, including attorney fees. §
5   4042. The SCRA does not have a statute of limitations provision, but 'the period of a
6   servicemember's military service may not be included in computing any period limited by law,
7   regulation, or order for the bringing of any action or proceeding in a court[.]' § 3936.

## DISCUSSION

**A.  Defendant Northwest Trustee.**

The primary issue raised by Defendant Northwest Trustee's motion is what statute of limitations should apply. The parties agree that the SCRA has no express statute of limitations. When federal law is silent as to the statute of limitations, courts look to the state statute "most closely analogous." *Reed v. Transportation Union*, 488 U.S. 391, 323 (1989). However, because "[s]tate legislatures do not devise their limitations periods with national interest in mind . . . it is the duty of the federal courts to assure that the importance of state law will not frustrate or interfere with the implementation of national policies." *Id.*  Thus, "[a] closely circumscribed [and] narrow exception to the general rule" exists where applying a state limitations period "would only stymie the policies underlying the federal cause of action . . . or would be at odds with the purpose of or operation of federal substantive law." *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 34-35 (1995). Declining to follow a state period of limitations is done "only when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when

---

[1] The SCRA formerly prohibited sale, foreclosure, or seizure within nine months, 126 Stat. 1208, Pub. L. 112-154, §710, Aug. 6, 2012, but whether a nine month or one year timeline applies does not alter the outcome.

the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Id.* at 35 (internal quotations and citations omitted).

Applying this standard, the Washington Service Members' Civil Relief Act, RCW 38.42 *et seq.*, by its express intent, is quite obviously the most closely analogous state statute to the SCRA. *See* RCW 38.42.120 ("[a] violation of the [SCRA] is a violation of this chapter"). However, the Washington Service Members' Civil Relief Act has no period of limitations, *see* RCW 38.42.090, so the Court must look elsewhere for an analogous state statute, if any, that does not frustrate or interfere with the purpose of the SCRA.

As mentioned in the Order on Defendant's FRCP 12(b)(1) Motion to Dismiss, Dkt. 12 at 7, civil liability may be incurred for wrongful foreclosure under the Washington Consumer Protection Act (CPA), RCW 19.86 *et seq.*, and the Deed of Trust Act (DTA), RCW 61.24 *et seq*. *See generally, e.g., Bain v. Metropolitan Mort. Group, Inc.*, 175 Wn.2d 83 (2012). The CPA imposes a four year statute of limitations, while the DTA imposes a two year statute of limitations. RCW 19.86.120; RCW 61.24.127(2)(a). If the Court assumes: (1) the sale of the Subject Property on April 1, 2011, *see* § 3953(c); (2) Plaintiff's active duty service, from March 12, 2011 to April 17, 2012, which tolled the statute of limitations for 404 days, *see* § 3936; and (3) the filing of the original complaint on May 6, 2016, then Plaintiff's claim, filed prior to May 19, 2016, is timely under the CPA. If the DTA, not the CPA, applies, assuming the above facts would bar the claim by almost two years, because it was filed after May 20, 2014.

Both the CPA and the DTA are closely analogous to the SCRA. Expressly providing a private action for consumers as recourse for unfair or deceptive trade and commerce practices, the CPA "reveals the Legislature's intent to protect the public and foster fair and honest

ORDER ON DEFENDANT NORTHWEST
TRUSTEE SERVICES, INC'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS- 5

1  competition." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 784

2  (1986); RCW 19.86.020 and .140. Similarly, the SCRA gives a specific type of consumer,

3  servicemembers, a private right of action to protect themselves against unfair practices,

4  including, *inter alia*, the sale, foreclosure, or seizure of a home during or soon after active

5  service. §§3953, 4042. The DTA allows consumer-borrowers to enjoin a foreclosure sale and to

6  seek damages for unlawful foreclosure, which parallels the SCRA's protections for

7  servicemembers. RCW 61.24.025 and .127; §§3953, 4042. Given these similarities, neither the

8  CPA nor the DTA frustrates or interferes with the purpose of the SCRA.

9        Because both the CPA and the DTA are closely analogous to the SCRA, the Court must

10  choose between the two. The Washington Service Members' Civil Relief Act, the state law

11  analogue to the SCRA, instructs the act to "be construed liberally so as to provide fairness and do

12  substantial justice to service members and their dependents." RCW 38.42.020. Given this rule of

13  lenity, the tie should go to Plaintiff. The CPA's four year statute of limitations should be applied.

14        Defendant Northwest Trustee argues that a three year statute of limitations applies to the

15  CPA, Dkt. 18 at 6, which is incorrect. RCW 19.86.120. Defendant Northwest Trustee focuses its

16  much of its briefing on the waiver doctrine, arguing that Plaintiff waived his post-sale claim for

17  damages by not timely challenging the validity of the non-judicial foreclosure. Dkt. 16 at 4-6;

18  Dkt. 18 at 3, 4. The waiver doctrine is grounded in the DTA, *see Brown v. Household Realty*

19  *Corp.*, 146 Wn.App. 157 (2008); and *Plein v. Lackey*, 149 Wn.2d 214, 227 (2003), but the DTA

20  expressly excepts CPA damages claims from the waiver rule. RCW 61.24.127(1), (2)(b) and (c).

21  *Compare to Frizzell v. Murray*, 179 Wn.2d 301, 312-13 ("insofar as any of her claims attempt to

22  unsettle the deed of trust and invalidate the foreclosure sale, they are subject to the waiver

23  provision"). Further, the waiver doctrine's applicability to the SCRA is unclear, which Defendant

24

ORDER ON DEFENDANT NORTHWEST
TRUSTEE SERVICES, INC'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS- 6

Northwest Trustee acknowledges: "[t]he applicability of the waiver doctrine to federal claims does not appear to have been addressed by either Washington appellate courts or United States District courts in Washington." Dkt. 16 at 6. Without precedent, caution should be the operative approach, especially where the DTA expressly carves out an exception for CPA claims. Plaintiff's purported failure to take advantage of presale remedies did not waive the SCRA claim.

Because the CPA is closely analogous to the SCRA, Plaintiff's argument that a federal statute, the Veteran's Benefit Improvement Act, PL 110-389, 122 Stat. 4145, is analogous to the SCRA need not be reached. *See N. Star Steel Co. v. Thomas*, 515 U.S. at 34-35. Plaintiff also argues that Washington's six year statute of limitations, generally applicable to breach of contract claims, should apply, but although a breached deed of trust could give rise to a contract claim, the SCRA claim does not resemble a breach of contract claim.

Plaintiff's SCRA claim should not be barred, because the CPA's four year statute of limitations applies and should be tolled during Plaintiff's active duty service. Defendant Northwest Trustee's motion should be denied.

**B. Defendant PHH Mortgage.**

Perhaps overlooking the tolling argument raised by Plaintiff's Response (Dkt. 17 at 7), Defendant PHH Mortgage argues that a statute of limitations of four years or less should apply. Dkt. 19 at 1, 2 ("it is reasonable that this Court apply one of these [two year or four year] limitations periods"); Dkt. 23 at 1, 3, 4 ("Plaintiff's claim is barred because it accrued more than four years before he filed the instant suit"). As analyzed above, applying a four year statute of limitations should not bar Plaintiff's claim.

1   Plaintiff's argument that Defendant PHH Mortgage should be precluded from raising the

2 statute of limitations defense need not be addressed, because assuming that Defendant PHH

3 Mortgage can raise the defense, the defense would not bar Plaintiff's claim.

4   The case should not be dismissed as to Defendant PHH Mortgage for failure to state a

5 claim within the statute of limitations.

6                                                  * * *

7   Therefore, it is ORDERED that Defendant Northwest Trustee Services, Inc.'s Fed. R. Civ.

8 P. 12(b)(6) Motion to Dismiss (Dkt. 16) is HEREBY DENIED.

9   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

10 to any party appearing *pro se* at said party's last known address. \

11   Dated this 6th day of December, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge