UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB MCGREEVEY,

Plaintiff,

v.

PHH MORTGAGE CORPORATION and NORTHWEST TRUSTEE SERVICES, INC.,

Defendants.

CASE NO. 3:16-cv-05339-RJB

ORDER ON DEFENDANTS' JOINT MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Defendants' Joint Motion for Reconsideration (Dkt. 25). At the invitation of the Court, Plaintiff filed a Response. Dkts. 26, 27. The Court has considered the pleadings and the remainder of the file herein.

Defendants' Joint Motion for Reconsideration (Dkt. 25) takes issue with the trustee sale date of April 21, 2011, relied upon by the Court to calculate whether to bar Plaintiff's case based on the applicable four year statute of limitations. Dkt. 25. *See* Dkt. 24 at 5. According to Defendants, the Amended Complaint alleges a trustee sale date of August 20, 2010, not April 21,

2011, but the Amended Complaint "appears to have created confusion" by leaving out a word between "Defendants" and "the Residence on April 21, 2011." Dkt. 25 at 2. Defendants argue that the August 20, 2010 date is supported by two recorded documents that Defendant Northwest Trustee attached to its motion to dismiss: a Notice of Trustee's Sale (Dkt. 16-6 at 2) and a Trustee's Deed (Dkt. 16-7 at 2, 3).

The documents attached to Defendant Northwest Trustee's motion, the Notice of Trustee's Sale and Trustee's Deed, undisputedly establish August 20, 2010 as the trustee sale date. Because they are public records, the Court may consider them. There is no reasonable doubt as to their veracity, especially where Plaintiff, who was asked to "point to support in the record for said [April 21, 2011] sale date," has not made any showing to support the trustee sale date alleged in the Amended Complaint. Plaintiff instead directs the Court to ¶18 of the Amended Complaint, which is nothing more than a bare, unsubstantiated, unsworn, and unsupportable allegation. Alleging a date other than August 20, 2010, in light of the record, is not plausible.

Given the Court's prior calculation, *see* Dkt. 24 at 5, but finding August 20, 2010, not April 21, 2011 as the trustee sale date, Plaintiff's claim is barred by the statute of limitations and should be dismissed.

Plaintiff has argued that the statute of limitations defense was waived by Defendant PHH Mortgage, because the defense was not raised in Defendant PHH Mortgage's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Under Fed. R. Civ. P. 12(b), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading. . . But a party may assert the following defense by motion: (1) lack of subject-matter jurisdiction[.]" Defendant PHH Mortgage elected make its subject-matter challenge by motion,

rather than by responsive pleading, which the rule allows. Therefore, because the Fed. R. Civ. P. 12(b)(1) motion to dismiss "is not a responsive pleading within the meaning of the Federal Rules of Procedure," *Randle v. Crawford*, 604 F.3d 1047, 1052 (9th Cir. 2009), Defendant PHH Mortgage did not waive the defense by failing to raise it in the 12(b)(1) motion to dismiss.

After the Court denied Defendant PHH Mortgage's Fed. R. Civ. P. 12(b)(1) motion to dismiss, Plaintiff filed an Amended Complaint on September 23, 2016. Dkt. 13. Defendant PHH Mortgage filed an Answer to the Amended Complaint on November 4, 2016 and explicitly raised the statute of limitations defense. Dkt. 22. At worst, Defendant PHH Mortgage's raised the defense on an untimely basis, but Plaintiff has not made any showing of prejudice by the delay, and the parties were given an adequate opportunity to fully brief the issue. The claim should be dismissed as barred by the statute of limitations for both defendants.

* * *

Defendants' Joint Motion for Reconsideration (Dkt. 25) is HEREBY GRANTED. To the extent explained above, the Order on Defendant Northwest Trustee Services, Inc.'s Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. 24) is AMENDED and is THEREFORE GRANTED. The case is HEREBY DISMISSED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of December, 2016.

ROBERT J. BRYAN
United States District Judge